**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DWAYNE HEAD-BEY,

                       Plaintiff,

   v.                                                  No. 04-CV-191
                                                              (LEK/DRH)

HARLAND SMITH; HENRY CELENZO,
Correctional Officer; SCOTT A. DEAGON,
Correctional Officer; MARK ROBERTS,
Correctional Officer; GEORGE ROBERTSON,
SR., Supervisor, Mechanical Services; RON
HALLADAY, Correctional Counselor; ROBIN
HALL, Unit Secretary; B. EGGLESTON,
Correctional Officer; CHRIS LAMCIA, Correctional
Officer; C.O. KEMBALL; A. GLAD, Correctional
Officer; MICHAEL BERGERVIN, Correctional Officer;
L. HULSE, Correctional Officer; W. LOTHARP,
Correctional Officer; T.L. HOLDER; S. GONZALES,
Correctional Officer; D. BROADWAY, Correctional
Officer; MICHAEL CROSS, SIS Lt.; MICHAEL
SEPANEK, Assistant Administrator; G. SHARROD,
Associate Warden; HAROLD TAYLOR, Associate
Warden; E. WILSON, Associate Warden; JOHN
NASH, Warden; WARDEN NALLEY; G.L.
HERSBERGER, North Central Regional Director;
HAROLD WATTS; KATHLEEN HAWK-SAWYER,
Director of the Bureau of Prisons; and JOHN DOES
1-6, Correctional Officers,

                       Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

DWAYNE HEAD-BEY
Plaintiff Pro Se
2840 Lagston Place, S.E.
Number 103
Washington, D.C. 20020

HON. GLENN T. SUDDABY                BARBARA D. COTTRELL, ESQ.
United States Attorney for the             Assistant United States Attorney
   Northern District of New York

James T. Foley U.S. Courthouse
445 Broadway
Room 218
Albany, New York 12207-2924

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Dwayne Head-Bey ("Head-Bey"), formerly an inmate in the custody of the United States Bureau of Prisons ("BOP"), brings this action under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that defendants, thirty-three BOP employees, violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments.[2]  Am. Compl. (Docket No. 7).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 51.[3]  For the reasons which follow, it is recommended that defendants' motion be granted.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] In his first, third, sixth, and eighth causes of action, Head-Bey alleges that defendants acted with deliberate indifference and recklessly disregarded his Due Process and Equal Protection rights.  <u>See</u> Am. Compl. at 21-24.  Further, in his ninth cause of action, Head-Bey alleges that defendants used excessive force in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et</u> <u>seq.</u>.  <u>See</u> Am. Compl. at 24.  Head-Bey alleges no disability within the scope of that Act.  Accordingly, because these claims more closely resemble violations under the Eighth Amendment, they will be addressed as such.

[3] The motion is brought on behalf of all defendants, except the six John Does, Smith, Celenzo, Robertson, Eggleston, Glad, Lotharp, Gonzales, Broadway, Sharrod, Nash, and Hersberger, who have neither been served with process nor otherwise appeared in this action.  <u>See</u> Section IV <u>infra</u>; <u>see</u> <u>also</u> Defs. Mem. of Law (Docket No. 51) at 38-39.

**I. Failure to Respond**

Head-Bey has not opposed defendants' motion.[4] On March 21, 2006, Head-Bey was granted an extension of time for filing a response. See Docket No. 54. In an order dated May 8, 2006, Head-Bey was warned that his failure to respond to defendants' motion by setting forth specific facts demonstrating a genuine issue of fact would result in this Court treating the facts asserted by defendants as true and that the motion might be granted absent a response from Head-Bey. Docket No. 56. Despite this notice, Head-Bey has failed to respond to the motion.

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). Because Head-Bey has not responded to raise any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 45) are accepted as true. Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

---

[4] The docket reflects that Head-Bey filed a response in opposition to defendants' motion for summary judgment. See Docket No. 54. However, this purported response, entitled "Plaintiffs' Opposition to 'Notice of Motion' for Summary Judgement," does not directly address the defendants' motion and, therefore, cannot be construed as a response to defendants' motion.

3

## II. Background

At all relevant times, Head-Bey was an inmate in the custody of Ray Brook Federal Correctional Institution ("Ray Brook").[5]  On April 3, 2001, Head-Bey was involved in four separate physical altercations with Ray Brook staff.  Am. Compl. at ¶¶ 7-50.  After these altercations, Head-Bey was treated for a small laceration on his left cheek and released.  See Ward Decl. (Docket No. 51) at Doc. F.  This action followed.

## III. Discussion

Head-Bey asserts eleven causes of action.  The first ten causes of action allege that defendants used excessive force and cruel and unusual punishment.  The eleventh cause of action alleges that defendants failed to train and supervise their subordinates properly.  Defendants seek dismissal or, in the alternative, summary judgment on all claims.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only

---

[5] Under Fed. R. Civ. P. 56(e), the non-moving party must offer evidence in sworn affidavits to oppose a properly supported motion for summary judgment.  A verified complaint meets this requirement.  See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).  The amended complaint here was verified, see Am. Compl. at 25, and will, therefore, be considered on this motion.

warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id. However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

Here, because evidence outside the amended complaint has been submitted and considered, defendants' motion will be determined as one for summary judgment rather than dismissal. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

### B. Exhaustion

As a threshold matter, defendants contend that Head-Bey has failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing a federal civil rights lawsuit. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006). This exhaustion requirement applies to all prison condition claims, including retaliation and excessive force. Porter, 534 U.S. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

A BOP inmate may seek formal review of issues related to any aspect of his or her incarceration through the BOP three-step administrative remedy process. See 28 C.F.R. § 542.10 (2006). An inmate may first file a grievance with the facility warden. If an inmate is unsatisfied with the warden's response, he or she may appeal to the regional director. 28

C.F.R. § 542.15(a). If still unsatisfied, he or she may appeal to the Office of General Counsel, which is the final administrative appeal. Id.

On or about January 17, 2003, Head-Bey filed grievance number 288195-F1 regarding the alleged misconduct of defendants on April 3, 2001. Ward Decl. at Doc. G. This grievance was rejected as "UTF," indicating that the request was untimely filed because it happened more than twenty days after the alleged incident. See Defs. Mem. of Law at 18. Head-Bey appealed to the regional office, but his appeal was denied due to the untimely filing of the original grievance. Ward Decl. at Doc. G. Head-Bey then appealed to the central office, but this appeal was denied after the central office concurred "with the regional office's & institution's rationale for rejecting your appeal as untimely." Id.

Head-Bey contends that although he did not follow the formal BOP grievance program, he made "informal complaints" to various BOP officials soon after the alleged staff assaults on April 3, 2001. Am. Compl. at 3, 7. However, these informal complaints fail to meet the standards of proper exhaustion and, thus, Head-Bey failed to exhaust his administrative remedies as to the alleged misconduct of defendants.

Therefore, it is recommended that defendants' motion on this ground be granted.

### C. Statute of Limitations

Defendants contend that Head-Bey's claim is barred by the statute of limitations because he did not file his amended complaint until June 28, 2004, more than three years after the alleged assaults of April 3, 2001.

7

The statute of limitations in New York for bringing a Bivens action is three years from the accrual of the claim. Malesko v. Correctional Servs. Corp., 229 F.3d 374, 383 (2d Cir. 2000); Tapia-Ortiz v. Doe, 171 F.3d 150, 151 (2d Cir. 1999) ("The statute of limitations for Bivens actions arising in New York is three years."). A claim accrues when the plaintiff "knows or has reason to know" of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). The critical time for accrual purposes is when a plaintiff is aware that he or she is suffering a wrong for which damages may be recovered in a civil rights action. Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980).

Head-Bey filed his original complaint in this action on or about February 12, 2004 within the three-year period of limitation. See Compl. (Docket No. 1); see also Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a complaint is deemed "filed" by an inmate when it is delivered to prison officials). By order dated April 12, 2004, Head-Bey was given thirty days to amend his complaint to conform to Fed. R. Civ. P. 8 and 10 or the action would be dismissed. See Docket No. 5. On May 11, 2004, Head-Bey was granted an extension until June 28, 2004 to file his amended complaint. See Docket No. 6. On June 23, 2004, Head-Bey filed his amended complaint. See Am. Compl. at 25; see also Dory v. Ryan, 999 F.2d at 682. The original complaint was never dismissed. Thus, Head-Bey timely commenced this action because his amended complaint relates back to the date of the original pleading, which was before the three-year statute of limitations had run. See Fed. R. Civ. P. 15(c).

Therefore, it is recommended that defendants' motion on this ground be denied.

**D. Personal Involvement**

In his eleventh cause of action, Head-Bey contends that defendants Sharrod, Taylor, Wilson, Nash, Nalley, Hersberger, Watts, and Hawk-Sawyer "are negligently liable for failure to train or supervise [their] subordinates." Am. Compl. at 24. Defendants contend in the alternative that Head-Bey has failed to allege the personal involvement of Sharrod, Taylor, Wilson, Nash, Nalley, Hersberger, Watts, Hawk-Sawyer, Cross, and Bergervin.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). The doctrine of respondeat superior is not a substitute for personal involvement. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, supervisory officials may not be held liable merely because they held a position of authority. Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). Supervisory personnel may be considered "personally involved," however, if they participated in the conspiracy, learned of the violation but failed to remedy the wrong, created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue, or were grossly negligent in managing subordinates who caused the violation. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).

As to defendants Sharrod, Taylor, Wilson, Nash, Nalley, Hersberger, Watts, and Hawk-Sawyer, Head-Bey makes no allegation that these defendants personally participated in any alleged constitutional violation. Head-Bey merely sues these defendants in their supervisory capacities by alleging that they failed properly to supervise and train their

9

subordinates. Even liberally construing the complaint, the mere allegation that these defendants failed to supervise properly cannot suffice to allege gross negligence as would be required here for personal involvement. "A complaint that essentially regurgitates the relevant 'personal involvement' standard, without offering any facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal." Davis v. County of Nassau, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005). Regarding Cross and Bergervin, Head-Bey fails to allege any facts which demonstrate their personal involvement in the alleged constitutional violations. Thus, Head-Bey's allegations as to Sharrod, Taylor, Wilson, Nash, Nalley, Hersberger, Watts, Hawk-Sawyer, Cross, and Bergervin's personal involvement are wholly conclusory, and, thus, insufficient to demonstrate personal involvement.

Therefore, in the alternative defendants' motion on this ground should be granted as to Sharrod, Taylor, Wilson, Nash, Nalley, Hersberger, Watts, Hawk-Sawyer, Cross, and Bergervin.

### E. Eight Amendment

#### 1. Excessive Force

Head-Bey contends that defendants used cruel and unusual punishment and excessive force against him. Defendants contend that this claim is without merit.

The Supreme Court has established that inmates enjoy the Eighth Amendment protection against the use of excessive force and may recover damages for its violation. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). The Eighth Amendment's prohibition against

10

cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976); see also Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999). The objective element requires a showing that the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection. Id. However, the malicious use of force to cause harm constitutes an Eighth Amendment violation per se regardless of the seriousness of the injuries. Id. at 263. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (citations omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Sims, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by 'wantonness.'" Blyden, 186 F.3d at 262 (citing Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)). "[T]he 'wantonness' inquiry turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. (quoting Hudson, 503 U.S. at 7).

Head-Bey contends that on four separate occasions on April 3, 2001, defendants "hog-tied" him and repeatedly kicked and punched him. See Am. Compl. at ¶¶ 13-50. Head-Bey also contends that defendants ordered "tight handcuffs" to be placed on him and

11

refused his request to loosen them. Id. at 23. However, although Head-Bey received medical attention after the alleged incidents, the records reflect that he only sustained a "1 ½ [inch] laceration on the left side of his cheek with a small amount of bruising to his left wrist" and his "wounds were treated with minor first aid." See Ward Decl., Doc. F at 000002, 000017; see also Docket No. 51 at Ex. 2. These injuries are de minimis and thus not sufficiently serious to constitute an Eighth Amendment violation. See Dawes v. Coughlin, 159 F.3d 1346 (2d Cir. 1998) (holding that a one-and-one-half inch laceration on inmate's elbow insufficient to demonstrate sufficiently serious injury under the Eighth Amendment).[6]

Therefore, it is recommended in the alternative that defendants' motion on this ground be granted.

### 2. Medical Care

Liberally construed, Head-Bey's amended complaint asserts a cause of action for deliberate indifference to his serious medical needs.

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required "but less than conduct undertaken for the very purpose of causing harm." Hathaway, 37 F.3d at 66. The test is twofold. First, the prisoner must show that

---

[6]Because Head-Bey cannot satisfy the objective element of this claim, it is unnecessary to address the subjective element.

there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Id. at 702.  Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703.  Allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Head-Bey contends that defendants "denied [him] proper medical treatment of his head injuries, hand/wrist, and back." Am. Compl. at ¶ 52.  Head-Bey also contends that on

13

August 28, 2001, Dr. Marini ignored his request for treatment of his head and pack pain. Id. at ¶¶ 53-55. However, as discussed, Head-Bey has failed to demonstrate that his injuries from the alleged assault were sufficiently serious. See subsection III(E)(1) supra.

Regarding Head-Bey's contention that defendants denied him proper medical treatment after the assaults, the medical records clearly demonstrate that he was treated for his injuries and given medication for any pain. See Docket No. 51 at Ex. 2. As to Head-Bey's contention that Dr. Marini ignored his complaints, the medical records from August 28, 2001 clearly show that Dr. Marini treated Head-Bey, including prescribing a detailed plan to help treat Head-Bey's Hepatitis C. Id. Thus, in light of defendants' documentary evidence to the contrary, Head-Bey's conclusory allegations that defendants denied him proper medical treatment fail to raise a genuine issue of material fact as to defendants' deliberate indifference. See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment").

Therefore, in the alternative, it is recommended that defendants' motion in this regard be granted.

### F. Conspiracy

Liberally construed, Head-Bey's tenth cause of action asserts a conspiracy claim. To state a claim for relief, a plaintiff must show

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws;

14

>  (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

Mian v. Donaldson, Lufkin, & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir.1993). Here, Head-Bey only makes conclusory allegations of a conspiracy between the defendants. Thus, Head-Bey's conspiracy claims must fail. See Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003) (holding that conclusory statements alone cannot support a conspiracy allegation).

Therefore, in the alternative, it is recommended that Head-Bey's tenth cause of action be denied.

### G. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Head-Bey's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, in the alternative, it is recommended that defendants' motion on this ground be granted.

**IV. Failure to Serve the Six John Doe Defendants, Smith, Celenzo, Robertson, Eggleston, Glad, Lotharp, Gonzales, Broadway, Sharrod, Nash, and Hersberger**

Head-Bey's amended complaint asserts claims against six John Does, defendants who have neither been identified nor served with the amended complaint. Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effectuated within 120 days of the date of the filing of the complaint. See also N.D.N.Y.L.R. 4.1(b). Because these defendant have not been identified by Head-Bey or served with process, it is recommended that the amended complaint be dismissed without prejudice as to these defendants.

As to defendant Smith, Celenzo, Robertson, Eggleston, Glad, Lotharp, Gonzales, Broadway, Sharrod, Nash, and Hersberger, waivers for service of process upon them were issued on April 13, 2005. Docket Entry dated 4/13/05. On June 23, 2005, these summonses were returned unexecuted as to defendants Smith, Celenzo, Robertson, Eggleston, Glad, Lotharp, Gonzales, Broadway, and Sharrod. See Docket No. 13. Nash's summons was returned unexecuted on June 17, 2005. See Docket No. 12. Hersberger's summons was returned unexecuted on September 30, 2005. See Docket No. 39. More than 120 days have passed since the summonses for these defendants were reissued. Accordingly, it is also recommended that the amended complaint be dismissed as to Smith,

Celenzo, Robertson, Eggleston, Glad, Lotharp, Gonzales, Broadway, Sharrod, Nash, and Hersberger without prejudice pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

### V. Conclusion

     For the reasons stated above, it is hereby **RECOMMENDED** that:

     1. Defendants' motion for summary judgment (Docket No. 51) be **GRANTED** and that judgment be entered in favor of all defendants except the six John Does, Smith, Celenzo, Robertson, Eggleston, Glad, Lotharp, Gonzales, Broadway, Sharrod, Nash, and Hersberger as to all causes of action; and

     2. The amended complaint be **DISMISSED** without prejudice as to the six John Does, Smith, Celenzo, Robertson, Eggleston, Glad, Lotharp, Gonzales, Broadway, Sharrod, Nash, and Hersberger; and

     3. This action therefore be **TERMINATED** in its entirety as to all defendants and all claims.

     Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 22, 2006
       Albany, New York

*David R. Homer*
United States Magistrate Judge